IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN E. HOWARD, )
 )
      Plaintiff )
 )  Case No.: 2:25-CV02701
vs. )
 )
UNITED STATES DEPARTMENT OF )
HOMELAND SECURITY )  COMPLAINT FOR INJUNCTIVE
 )  AND DECLARATORY RELIEF
Serve:   Office of the General Counsel )
          Department of Homeland Security )
          Mail Stop 2707 )
          Martin Luther King Jr. Ave. SE )
          Washington, D.C. 20528-0485 )
 )
and )
 )
KRISTI NOEM in her official capacity as )
Secretary of the U.S. Department of Homeland )
Security, )
 )
Serve:   245 Murray Lane SW )
          Washington, D.C. 20528 )
 )
and )
 )
UNITED STATES CITIZENSHIP AND )
IMMIGRATION SERVICES )
 )
Serve:   Office of the General Counsel )
          Department of Homeland Security )
          Mail Stop 2707 )
          Martin Luther King Jr. Ave. SE )
          Washington, D.C. 20528-0485 )
 )
and )
 )
JOSEPH V. EDLOW, in his official capacity as )
Director, U.S. Citizenship and Immigration )
Services, 500 12th St. SW, )
Washington DC 20536 )
 )

and                                                              )
                                                                 )
GREGORY A. FILE, in his official capacity as                     )
Field Office Director, U.S.C.I.S. Kansas City                    )
10320 NW Prairie View Dr.,                                       )
Kansas City, MO 64153                                            )

## COMPLAINT FOR RELIEF
## UNDER THE ADMINISTRATIVE PROCEDURE ACT AND
## 5TH AMENDEMENT DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION

**COMES NOW** Plaintiff Jonathan Edward Howard, by and through his undersigned counsel of record, to respectfully request a hearing before this Honorable Court to reinstate Mr. Howard's residence status and set an interview date for his petition for Naturalization.

## PARTIES

1. Plaintiff Jonathan Edward Howard ("Howard) is a Lawful Permanent Resident of the United States and resides in Overland Park, Kansas.

2. He became a Lawful Permanent Resident on May 24, 2022 through marriage to his US Citizen wife, Mariah Elizabeth Howard.

3. Defendant Department of Homeland Security (*hereinafter "DHS"*) is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the Department of State with background and security checks.

4. Defendant Kristi Noem, the Secretary of the Department of Homeland Security, is the highest-ranking official within the DHS. Mayorkas, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (*hereinafter "INA"*), and for ensuring compliance with applicable federal law, including the Administrative Procedure Act (*hereinafter "APA"*).

5. Defendant United States Citizenship and Immigration Services (*hereinafter "USCIS"*) is the component of the DHS that is responsible for processing petitions on behalf of alien relatives seeking to file immigrant visa applications.

6. Defendant Joseph B. Edlow Director of the USCIS, is the highest-ranking official within the USCIS. Mr. Edlow is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA.

7. Defendant Gregory A. File, Field Director of the USCIS Kansas City Field Office, is the highest-ranking official within the Kansas City Field Office. Mr. File is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA.

## JURISDICTION AND VENUE

8. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1239 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

9. Jurisdiction is also conferred pursuant to 5 U.S.C. § 702, the Administrative Procedure Act. *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district courts have jurisdiction under the APA in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005)

10. Section 242 of the INA, 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(2)(D) states that the section "does not preclude review of constitutional

claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."

## VENUE

11. Venue is proper under 28 U.S.C. § 1391(e)(1)(c) because this is an action against officers and agencies of the United States in their official capacities, brought in a district where the Plaintiff resides. No real property is involved in this action. Defendant Kristi Noem is sued in his official capacity as the Director of the Department of Homeland Security, a United States federal agency. Defendant Joseph B. Edlow is sued in his official capacity as Director of USCIS, a United States federal agency. Defendant Gregory A. File is sued in his official capacity as Field Director of USCIS Kansas City Field Office, a United States federal agency.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. 8 U.S.C. §1252 restricts judicial review of three areas: 1) immigration officers' determinations whether aliens applying for admission are admissible; 2) denials of discretionary relief; and 3) final orders of removal against criminal aliens. While the second category appears broad, it only applies to decisions where "Congress itself set out the Attorney General's discretionary authority in the statute." *Kucana v. Holder*, 558 U.S. 233, 247, 130 S. Ct. 827, 837 (2010). Such authority does not appear in 8 U.S.C. §1186a, the statute addressing conditional permanent resident status.

13. A decision to deny an I-751 petition cannot be appealed. There are no administrative remedies. The Plaintiff has no other adequate remedy available for the harm he seeks to redress; to reinstate his Permanent Resident status and to provide him another interview date.

14. Administrative review is available for a decision on form N-400, Application for Naturalization. However, the decision made in this case was not based on an examination of the evidence; the denial stemmed from refusal to reschedule the interview to allow Plaintiff's attorney to be present. As such, these claims are constitutional in nature and would be futile to pursue within the administrative system. *See generally Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, (1976).

## FACTS AND PROCEDURAL HISTORY

15. Plaintiff Jonathan E. Howard entered the United States on an F1 student visa.

16. He married his U.S. Citizen wife on August 26, 2021.

17. He applied to adjust status in December 2021 and became a Lawful Permanent Resident on May 24, 2025.

18. Mr. Howard timely filed form I-751, petition remove the conditions on his Permanent Resident status, on March 4, 2025.

19. No decision was reached by May of 2025 at which time Mr. Howard was eligible and filed a petition for naturalization.

20. The USCIS sent out a notice of interview on or about August 11, 2025.

21. The interview was set for September 25, 2025, to adjudicate both the I-751 and N-400.

22. Counsel for Plaintiff was unavailable on that date due to a civil trial taking place in Jackson County, Missouri.

23. Counsel for Plaintiff was required to appear in the Jackson County Courthouse that day.

24. The I-797C Interview Notice stated, "If you cannot keep this appointment, call the U.S. Citizenship and Immigration Services (USCIS) Contact Center at 1-800-375-5283 (TTY 1-800-767-1833) as soon as possible to reschedule your appointment."

25. On August 20, 2025, Counsel for Plaintiff called the USCIS as instructed and requested that the interview be rescheduled because Counsel was unable to attend the interview due to his required appearance in the county court.

26. On September 10, 2025, Counsel for Plaintiff received an email denying the request to reschedule, only stating that "your request has been denied based on the information provided."

27. Counsel for Plaintiff called the USCIS a second time to request rescheduling again, re-asserting Counsel's unavailability and adding that Mr. Howard would also be out of town on a business trip in Florida.

28. The USCIS responded to the second request on November 7, 2025, after the interview date, stating the application had been denied.

29. On or about September 17, 2025, Counsel for Plaintiff also sent a letter to the local USCIS office explaining the unavailability of both Plaintiff and Counsel.

30. USCIS did not respond nor acknowledge the letter.

31. On September 25, 2025, the day of the interview, Counsel was in the Jackson County Courthouse for trial, and Plaintiff was in Florida.

32. On October 2, 2025 USCIS denied the I-751 Petition to Remove Conditions for failing to appear at the interview. The denial noted the request to reschedule but further stated, "your reason for the request does not warrant a good cause excuse for failure to appear to your scheduled interview due to the lack of sufficient information to support the request."

33. The letter also informed Mr. Howard that his conditional permanent resident status had been revoked.

34. On October 2, 2025, USCIS denied the N-400 Petition for Naturalization because Mr. Howard had not been able to remove the conditions from his resident status and was no longer a permanent resident.

35. The denial also notes that Mr. Howard, "did not submit correspondence to USCIS with a sufficient explanation as to why you were unable to appear for the interview."

## COUNT I – AGENCY ACTION NOT IN ACCORDANCE WITH THE LAW
### Under 5 U.S.C.§ 555(b) and §§ 701 et seq.

36. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

37. An applicant has a statutory right to be accompanied, represented or advised by counsel in an agency proceeding per 5 U.S.C. §555(b).

38. Defendants acted irrationally and violated their own rules in refusing to reschedule the interview due to the unavailability of legal representation and issuing a denial for missing an interview.

39. 5 U.S.C. § 706(2)(A) empowers a District Court to hold unlawful and set aside agency action, findings and conclusions found "not in accordance with law".

40. 5 U.S.C. § 706(1) empowers a District Court to "compel agency action unlawfully withheld or unreasonably delayed."

41. Refusing to reschedule an interview with legal representation and denying Plaintiff the right to adjudication on his petition was not in accordance with law.

**WHEREFORE**, Plaintiff prays that this Court find in his favor and order Defendants to reinstate his Permanent Resident status, thereby vacating the denial, and requiring the USCIS to provide a constitutionally adequate interview and adjudication consistent with due process of the law.

## COUNT II – DECISION WAS ARBITRARY AND CAPRICIOUS
### Under 5 U.S.C.§ 555(b) and §§ 701 et seq.

42. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

43. Defendants are charged with the responsibility of administering and implementing the INA and following Federal Regulations.

44. Defendants denied the initial request to reschedule stating the unavailability of legal representation was not "good cause".

45. The USCIS denied the I-751 petition and terminated Plaintiff's Lawful Permanent Resident status not on the merits and without any evaluation of evidence but solely as a penalty for failing to appear at the interview.

46. The USCIS refused to reschedule the interview to permit Plaintiff to appear with counsel.

47. Defendants' denial of the I-751 only states that unavailability of counsel was not good cause.

48. The USCIS does not define "good cause" to reschedule interviews in any publication, or regulation related to application interviews.

49. The USCIS interview notice does not ask for evidence or written request but only states a phone call is necessary to reschedule.

50. The USCIS states that it denied Plaintiff's I-751 because Plaintiff did not submit a sufficient explanation as to why he was unable to appear.

51. The USCIS states that it denied Plaintiff's jointly scheduled N-400 because Plaintiff did not submit a sufficient explanation as to why he was unable to appear.

52. The USCIS acknowledges an applicant's right to have legal representation present at a naturalization interview. The USCIS Policy Manual Volume 12, Part B, Chapter 3.A.2.

states "[i]f the applicant does not want to proceed with the interview without his or her representative, the officer *must* reschedule the interview." (emphasis added). *Available at:* https://www.uscis.gov/policy-manual/volume-12-part-b-chapter-3

53. Federal Regulations explicitly state that applicants may be represented by an attorney. 8 CFR §103.2(a)(3).

54. Moreover, 8 CFR 292.5(b) codifies the right to be represented by an attorney "who shall be permitted to examine or cross-examine such person and witnesses, to introduce evidence, to make objections which shall be stated succinctly and entered on the record, and to submit briefs."

55. As such, the decision to deny rescheduling and to deny the applications was arbitrary.

**WHEREFORE**, Plaintiff prays that this Court find in his favor and order Defendants to reinstate his Permanent Resident status, thereby vacating the denial, and requiring the USCIS to provide a constitutionally adequate interview and adjudication consistent with due process of the law.

### COUNT III – VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION (DUE PROCESS)

56. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

57. The Due Process Clause of the Fifth Amendment holds that no person shall be deprived of life, liberty or property without due process of law. U.S. Const. amend. V.

58. Lawful Permanent Residents possess a constitutionally protected liberty and property interest in their status as a Lawful Permanent Resident. See *Landon v. Plasencia*, 459 U.S. 21, 32 (1982).

59. Defendants, acting under the color of federal law, violated Plaintiff's rights under the Due Process Clause of the Fifth Amendment to the Constitution by depriving Plaintiff of his Permanent Resident Status and denying his Form I-751 without a meaningful opportunity to be heard as per the Fifth Amendment.
60. Despite multiple requests to reschedule due to unavailability of Plaintiff's legal representative, USCIS refused to reschedule the interview, stating that attorney unavailability did not constitute good cause.
61. This decision was contrary to due process, contrary to fundamental fairness and in stark contrast with USCIS's obligation to ensure reasonable access to legal representation.
62. By refusing to reschedule an interview, failing to consider Plaintiff's request in good faith, thereby foreclosing Plaintiff's ability to appear with legal representation, and denying the petition without considering the merits, Defendants deprived Plaintiff of a constitutionally required opportunity to present his evidence, rebut concerns and to be heard.
63. As such, these actions constitute a violation of Plaintiff's procedural due process rights in the following ways:
    a. Plaintiff has a substantial liberty and property interest in maintaining lawful permanent resident status;
    b. USCIS's refusal to reschedule the interview created a significant risk of erroneous deprivation;
    c. Rescheduling the interview would have imposed no meaningful burden on the agency; and

    d. USCIS mechanical application of no "good cause" and denial for non-appearance violated the balancing test set forth by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

64. Defendants' actions further constitute a substantive due process violation as they were arbitrary, capricious, irrational, and fundamentally unfair, amounting to an abuse of government authority that "shocks the conscience" in depriving Plaintiff of lawful status with no assessment of the merits.

**WHEREFORE**, Plaintiff, Jonathan Edward Howard respectfully requests that the Court grant the following:

1. Compel the Defendants under section 706 of the APA to vacate their decisions on Plaintiff's I-751 and N-400 petitions and set new interview dates.
2. Order Defendants to reinstate Plaintiff's Permanent Resident status.
3. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;
4. Such other and further relief as this Court deems just and proper.

Respectfully Submitted

/s/ *Ryan M. McElderry*
Ryan M. McElderry   KSD# 78471
House Packard McElderry LLC
40 Westwood Dr.
Liberty, MO 64068
T) 816-875-4380
F) 844-403-9040
ryan@hpmlawkc.com
ATTORNEY FOR PLAINTIFF