IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN E. HOWARD,

    Plaintiff,

v.                                                                                    Case No. 25-2701-JWB

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et al*.,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for preliminary injunction (Doc. 4); and Defendants' motion to dismiss (Doc. 11). The motions are fully briefed and ripe for decision. (Docs. 12, 13.) For the reasons stated herein, Defendants' motion to dismiss is GRANTED and Plaintiff's motion for preliminary injunction is DENIED AS MOOT. Accordingly, Plaintiff's complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE.

## I.    Facts & Procedural History

The facts set forth below are taken from the complaint. (Doc. 1.) Jonathan Howard ("Plaintiff") brings this action against the United States Department of Homeland Security ("DHS"); Markwayne Mullin,[1] Secretary of DHS; the United States Citizenship and Immigration Services ("USCIS"); Joseph Edlow, Director of USCIS; and Gregory File, Field Office Director of USCIS Kansas City (collectively "Defendants"). Plaintiff seeks review of Defendants' decisions denying Plaintiff's I-751 (petition to remove conditions on residence) and N-400 (application for naturalization), and to reinstate Plaintiff's permanent resident status.

---

[1] The court substitutes Markwayne Mullin for former Secretary Kristi Noem. *See* Fed. R. Civ. P. 25(d).

1

Plaintiff entered the U.S. on an F-1 student visa and married his U.S. citizen wife, Mariah Howard, on August 26, 2021. (*Id*. ¶¶ 15–16.) He applied to adjust his immigration status in December 2021 and on May 24, 2022, he became a lawful permeant resident ("LPR") on a conditional basis under 8 U.S.C. § 1186a. Because his LPR status was conditional, he filed an I-751 petition to remove that condition on March 4, 2025. By May 2025, when no decision had been reached, Plaintiff became eligible for and filed a form N-400 to become a naturalized citizen. (*Id*. ¶ 19.) Title 8 U.S.C. § 1427 outlines the statutory requirements for an individual to become naturalized. Among them, USCIS conducts an in-person interview of the applicant. 8 C.F.R. § 335.2(c). On August 11, 2025, USCIS sent Plaintiff a notice that his interview was scheduled for September 25, 2025, to adjudicate both of Plaintiff's petitions. (*Id*. ¶¶ 20–21.)

The notice instructed Plaintiff to call the USCIS contact center if he could not keep the appointment. On August 20, 2025, Plaintiff's counsel called USCIS to reschedule, explaining that he had a civil trial set on that same day. (*Id*. ¶¶ 22–23, 25.) On September 10, 2025, USCIS denied that request, offering only a form statement that the request was denied based on the information provided. Counsel called a second time, renewing his own unavailability and adding that Plaintiff would also be out of town on a business trip in Florida on the interview date. On September 17, 2025, counsel also sent a written letter to the local USCIS field office detailing both his and Plaintiff's unavailability. (*Id*. ¶ 29.) USCIS never responded.

The interview proceeded as scheduled on September 25, 2025, with Plaintiff and his counsel absent. USCIS eventually responded to the second reschedule request on November 7, 2025, stating only that the request had been denied. On October 2, 2025, USCIS formally denied the I-751 petition on the ground that Plaintiff failed to appear, acknowledging the reschedule request but concluding that the reason did not constitute "good cause." (*Id*. ¶ 32.) The same letter

2

informed Plaintiff that his conditional permanent resident status had been revoked.  As a consequence, USCIS denied Plaintiff's N-400 naturalization petition because Plaintiff was no longer a lawful permanent resident and thus ineligible for naturalization.  The N-400 denial echoed the I-751 denial's language, stating that Plaintiff had not provided a sufficient explanation for his failure to appear at the interview.  (*Id*. ¶ 35.)

On December 1, 2025, Plaintiff filed this lawsuit bringing three counts: (1) agency action not in accordance with law ("Count I"); (2) arbitrary and capricious agency action ("Count II"), both brought under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 555(b) and 701 *et seq*.; and (3) a violation of the Fifth Amendment's due process clause ("Count III").

On December 17, 2025, DHS issued Plaintiff a Notice to Appear ("NTA") in removal proceedings as a result of the denial of his I-751 Petition.  (Doc. 11-2.)[2]  Plaintiff is charged in the NTA with removability as an alien whose conditional residence has been terminated.  (*Id*.)  On January 8, 2026, Plaintiff filed a motion for a preliminary injunction.  (Doc. 4.)  On February 17, 2026, Defendants filed a motion to dismiss Plaintiff's complaint.  (Doc. 11.)

## II.    Standard

Defendants argue that Plaintiff's claims against them should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or for failing to state a claim upon which relief can be granted under 12(b)(6).  (Doc. 11.)  "Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012).  When the court is faced with a motion invoking both Rule 12(b)(1)

---

[2] The court may look to materials outside the pleadings when a party challenges subject matter jurisdiction under Rule 12(b)(1) without converting the motion to a motion for summary judgment.  *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

If the court determines it has subject matter jurisdiction, it can then review the merits of the case under Rule 12(b)(6). *Bell*, 327 U.S. 682. To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiffs. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III.    Analysis

Plaintiff's Counts I and II request this court to review the USCIS's denial of his I-751 petition, alleging that their refusal to reschedule Plaintiff's interview with legal representation was "an arbitrary and capricious action" and "not in accordance with the law," under 5 U.S.C. § 706(2)(A), and asks the court to compel USCIS to interview him with respect to his I-751 petition.[3]

---

[3] In Plaintiff's complaint, he also alleges that Count I is brought under 5 U.S.C. § 706(1) which allows district courts to "compel agency action unlawfully withheld or unreasonably delayed." (Doc. 1 ¶ 40.) These claims "are characterized as failure-to-act claims." *Givehchi v. Rubio*, No. 24-2343-JWB, 2025 WL 859841, at *3 (D. Kan. Mar. 19, 2025). However, in Plaintiff's response to Defendants' motion to dismiss, he states that he filed a motion to amend to "remov[e] the allegation under [5 U.S.C. §] 706(1)." (Doc. 12 at 11.) The problem is that there is no motion to amend in the record. In any event, the factual allegations by Plaintiff challenge only Defendants *action* of denying Plaintiff's request to reschedule his interview, and not inaction. (Doc. 1.) In other words, there is no need to compel agency action that has already been taken. Therefore, the court construes Plaintiff's claims as arising under only § 706(2)(A), and not § 706(1) of the APA.

(Docs. 1 at 7–9; 12 at 4.)  Defendants move to dismiss Counts I and II, with respect to the I-751 petition denial, arguing that the court lacks subject matter jurisdiction to grant the requested relief because there has been no final agency action.  (Doc. 11 at 5–7.)  Specifically, Defendants argue that USCIS denied Plaintiff's I-751 petition because he failed to appear for the interview, which triggered now-pending removal proceedings, and means the opportunity for further administrative relief is available.  (*Id*.)  In response, Plaintiff asserts that this court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, through application of the APA.[4]  (Doc. 12 at 4.)

Under the APA, "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review."  5 U.S.C. § 704.  And "courts have jurisdiction to review only final agency actions."  *Farrell-Cooper Mining Co. v. U.S. Dep't of Interior*, 864 F.3d 1105, 1109 (10th Cir. 2017).  So, the question is whether there has been a final agency action with respect to Plaintiff's I-751 petition denial.

"[T]wo conditions must be satisfied for agency action to be final: First, the action must mark the consummation of the agency's decisionmaking process. . . . And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow."  *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997); *see also Lystn, LLC v. Food & Drug Admin.*, No. 20-1369, 2021 WL 4006184, at *5 (10th Cir. Sept. 3, 2021).  In the instant matter, the denial of Plaintiff's I-751 petition and subsequent issuance of the NTA do not amount to a "consummation of the agency's decisionmaking process."  *Bennett*, 520 U.S. at 177-78.  Rather, the denial triggered removal proceedings.  The statute and relevant regulations provide:

In the case of an alien with permanent resident status on a conditional basis. . . if--
. . . (ii) unless there is good cause shown, the alien spouse and petitioning spouse

---

[4] To the extent Plaintiff argues that the APA confers federal jurisdiction (Doc. 12 at 4), it does not.  *Kansas by & through Kansas Dep't for Child. & Fams. v. SourceAmerica*, 874 F.3d 1226, 1240 (10th Cir. 2017) ("The APA does not confer subject-matter jurisdiction upon the federal courts.").

> fail to appear at the interview . . . the Secretary of Homeland Security shall terminate the permanent resident status of the alien . . . .

8 U.S.C. § 1186a(c)(2).

> If the conditional resident alien . . . fail[s] to appear for an interview . . . the alien's permanent residence status will be automatically terminated . . . . The alien shall be provided with written notification of the termination and the reasons therefor, and a notice to appear shall be issued the alien under removal proceedings. The alien may seek review of the decision to terminate his or her status in such proceedings[.]
> …
> If the director denies the [I-751] petition . . . The alien's lawful permanent resident status shall be terminated as of the date of the director's written decision. . . . [And n]o appeal shall lie from the decision of the director; however, the alien may seek review of the decision in removal proceedings.

8 C.F.R. § 216.4(b)(3), (d)(2).

As can be seen, the denial of the I-751 petition and subsequent issuance of the NTA are merely steps within the administrative process. *Id*. And an alien cannot appeal (or seek review of) the denial of an I-751 petition except "in removal proceedings," because it is not a final agency action. 8 C.F.R. § 216.4(d)(2); *see, e.g.*, *Antunes v. Martin*, No. 2:25-CV-05629-ODW (KSX), 2026 WL 699611, at *3 (C.D. Cal. Mar. 11, 2026) ("USCIS's decision denying [plaintiff's] I-751 petition is not a 'final agency action' for the Court to review under the APA."); *Bhadmus v. USCIS*, No. 1:15-cv-0617, 2016 WL 5946842, at *3 (S.D. Ind. Sept. 30, 2016) ("[T]here is simply no statute authorizing the court's review of an I-751 petition. Rather, the immigration laws expressly provide that an I-751 decision can only be reviewed during removal proceedings."); *Bustos v. Mayorkas*, No. CV H-21-4174, 2022 WL 4395940, at *4 (S.D. Tex. July 28, 2022) ("Because removal proceedings are pending, [plaintiff] has available the opportunity for further administrative relief and this Court therefore lacks jurisdiction over Plaintiff's claims."); *Cheema v. Scott*, No. 3:24-CV-093-UJ1-DCK, 2025 WL 2492480, at *4 (W.D.N.C. Mar. 27, 2025), *report and recommendation adopted sub nom. Cheema v. Edlow*, No. 3:24-CV-00093-GCM-DCK, 2025

6

WL 2206406 (W.D.N.C. Aug. 4, 2025) ("Plaintiff has not alleged a final agency action with respect to the I-751 [denial] for purposes of judicial review under the APA."); *Sochur v. Wolf*, No. 2:20-cv-02808, 2021 WL 1324274, at *2 (C.D. Cal. Mar. 5, 2021) ("The IJ will have the power to review the denial of a Form I-751 petition .... [B]ecause removal proceedings have commenced, there is no final agency action for the Court to review and the APA claim must be dismissed without prejudice." (citations omitted)).

In response, Plaintiff appears to acknowledge that there has been no final agency action because his case is currently reviewable in removal proceedings. (Doc. 12 at 9.) But he nonetheless argues that "[r]eview in an immigration court is not an adequate remedy." (*Id*.) This argument is unpersuasive. Whether an adequate remedy exists is not a question for this court to answer at this juncture because, "'[p]ursuant to the APA, [federal courts] have jurisdiction to review only final agency actions.'" *Farrell-Cooper Mining Co. v. U.S Dep't of Interior*, 864 F.3d 1105, 1109 (10th Cir. 2017) (quoting *McKeen v. U.S. Forest Serv.*, 615 F.3d 1244, 1253 (10th Cir. 2010)). Further, the Tenth Circuit is not alone in considering a lack of finality to be a jurisdictional question. *See New Mexico v. McAleenan*, 450 F. Supp. 3d 1130, 1190–91 (D.N.M. 2020) (collecting cases). Plaintiff's remaining arguments on the matter wholly fail to address whether there has been a final agency action. (Doc. 12 at 3–10.)

Here, the dispositive facts are simple: Plaintiff's removal proceedings are pending. Plaintiff, therefore, has the opportunity for further administrative relief regarding the denial of his I-751 petition. And the proper forum in which to request such relief is in the immigration court before the immigration judge ("IJ"). Accordingly, this court lacks jurisdiction over the portion of the action in which Plaintiff seeks review of the denial of his I-751 petition. *See* 8 U.S.C. § 1186a(c)(3)(D) (stating that an alien "whose permanent resident status is terminated under [§

1186a(c)(3)(C), the subparagraph applicable to Plaintiff] may request review of such determination in a proceeding to remove the alien"). It is therefore dismissed without prejudice for want of jurisdiction.[5]

Next, Plaintiff requests this court to review the USCIS's denial of his N-400 naturalization petition on effectively the same grounds as he asserted regarding the denial of his I-751 petition. (Doc. 1 at 7–9.) Defendants seek dismissal on the grounds that the request is moot. The court agrees with Defendants and holds it lacks jurisdiction and dismisses without prejudice on the grounds of mootness.

Defendants point the court to the unpublished Tenth Circuit case of *Awe v. Napolitano*, 494 F. App'x 860 (10th Cir. 2012). In *Awe*, just as with Plaintiff here, Mr. Awe filed a naturalization application which was denied by the USCIS. Subsequently, Mr. Awe filed a petition for review in the district court and was then placed in removal proceedings. On appeal, the Tenth Circuit affirmed the dismissal on the alternate ground that once removal proceedings were initiated, Mr. Awe's claims became constitutionally moot, holding:

> The initiation of removal proceedings against Mr. Awe rendered his [naturalization] petition moot. A ruling by the district court ordering the USCIS to grant Mr. Awe's naturalization application, which was the substantive focus of his prayer for relief, would be ineffective because of § 1429's prohibition on agency action during the pendency of removal proceedings.

*Awe*, 494 F. App'x. at 866–67 (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1023–24 (10th Cir. 2011)).

---

[5] While not addressed in Plaintiff's response (Doc. 12), in the complaint, he asserts that this court has jurisdiction to compel Defendants to reschedule the interview pursuant to the mandamus statute, 28 U.S.C. § 1361. (Doc. 1 ¶ 8.) It does not. "When review by other means, such as under the APA, is possible, mandamus isn't available." *Audubon of Kansas, Inc. v. United States Dep't of Interior*, 67 F.4th 1093, 1111 (10th Cir. 2023) (citing *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394 (1976)). That is because mandamus relief under § 1361 is only available if Plaintiff "has exhausted all other avenues of relief." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Clearly, he has not because his removal proceedings are currently pending. *See* 8 C.F.R. § 216.4(d)(2) (explaining an alien can seek review of an I-751 petition denial "in removal proceedings").

Plaintiff requests that this court (1) reinstate his permanent resident status, (2) vacate the denial of his N-400, and (3) require the USCIS to reschedule an interview. But it is the Secretary of Homeland Security who has "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). Here, just like in *Awe*, Plaintiff effectively seeks the court's declaration that he meets the requirements for naturalization and to approve his naturalization. *Awe*, 494 F. App'x. at 867. This the court cannot do because a declaration by this court that Plaintiff met all the requirements for naturalization could not affect the Secretary of Homeland Security's behavior because § 1429's express terms bar him from acting. 8 U.S.C. § 1429 ("[N]o application for naturalization shall be considered . . . if there is pending against the applicant a removal proceeding. . ."). Because removal proceedings are pending, the court does not have jurisdiction to grant or consider any issue regarding Plaintiff's naturalization application. Thus, such requests are constitutionally moot and dismissed without prejudice. *United States v. Juv. Male*, 564 U.S. 932, 936 (2011) (per curiam) ("It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'") (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997))).

This brings the court to Plaintiff's due process claim brought under the Fifth Amendment. (Doc. 1 at 9–11.) Count III asserts that Defendants violated Plaintiff's Fifth Amendment due process rights when they denied his requests to reschedule his interview as part of his I-751 petition. At the outset, the court notes that Defendants wholly failed to address the claim (Docs. 11, 13), even after Plaintiff put them on notice of this shortcoming (Doc. 12 at 12).

However, the court cannot simply ignore that "[l]ike substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532

9

U.S. 275, 286 (2001).[6]  "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id*.  Without such intent, "a cause of action does not exist and courts may not create one." *Id*.  In the Fifth Amendment due process context, the Supreme Court has recognized only one implied cause of action: for damages against a member of Congress accused of sex discrimination. *Davis v. Passman*, 442 U.S. 228 (1979).  A claim premised on the denial of an I-751 interview rescheduling request is unquestionably a new context under this framework and the Supreme Court has made clear that courts must decline to recognize new implied causes of action. *See Ziglar v. Abbasi*, 582 U.S. 120, 135–36 (2017); *Egbert v. Boule*, 596 U.S. 482, 510 (2022) ("[I]f the only question is whether a court is 'better equipped' than Congress to weigh the value of a new cause of action, surely the right answer will always be no.") (Gorsuch, J., concurring).  But just because no cognizable cause of action exists, the inquiry does not end there, as there are jurisdictional implications.  It is elementary that the United States and its agencies enjoy sovereign immunity and cannot be sued absent express consent and "[t]he existence of [such] consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  So where, as here, there is no recognized cause of action, there can be no consent or waiver of immunity.  Accordingly, this court is without jurisdiction and Count III is dismissed without prejudice.

## IV.    Conclusion

THEREFORE, Defendants' motion to dismiss (Doc. 11) is GRANTED and Plaintiff's complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE.  Accordingly, Plaintiff's motion for preliminary injunction (Doc. 4) is DENIED AS MOOT.

IT IS SO ORDERED.  Dated this 13th day of May, 2026.

---

[6] The court must dismiss an action if it determines at any time it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

_s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE